NO. 07-12-0463-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 31, 2012

_____

SAUL GALVAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY;

NO. 12-400293; HONORABLE MIKE DENTON, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Following a plea of nolo contendere, Appellant, Saul Galvan, was convicted of assault on a family member and sentenced to ten days in the Travis County Jail. Appellant perfected this appeal and the clerk's record has been filed. The *Trial Court's Certification of Defendant's Right of Appeal* contained in the original clerk's record filed on September 10, 2012, was not signed by Appellant as required by Rule 25.2(d) of the

Texas Rules of Appellate Procedure.[1]  Additionally, none of the options to determine whether Appellant has a right of appeal were marked.  Consequently, that certification was defective.[2]  *See Dears v. State*, 154 S.W.3d 610, 614 (Tex.Crim.App. 2005).  A supplemental clerk's record was filed on October 29, 2012, containing a new *Trial Court's Certification of Defendant's Right of Appeal.*  This certification now reflects the case is a plea-bargain case and Appellant has no right of appeal.  However, the certification still does not bear Appellant's signature.  Thus, it remains defective.

Consequently, we abate this appeal and remand this cause to the trial court for further proceedings.  Upon remand, the trial court shall utilize whatever means necessary to secure a proper *Trial Court's Certification of Defendant's Right of Appeal* in compliance with Rule 25.2(d).  Once properly completed and executed, the certification shall be included in a supplemental clerk's record.  *See* TEX. R. APP. P. 34.5(a)(12).  The trial court shall cause the supplemental clerk's record to be filed with the Clerk of this Court by November 30, 2012.  This order constitutes notice to all parties, pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure, of the defective certification.  If a supplemental clerk's record containing a proper certification is not filed in accordance with this order, this cause may be referred to the Court for further action.  *See* TEX. R. APP. P. 25.2(d).

---

[1]Effective September 1, 2007, Rule 25.2(d) was amended to require that a defendant sign the certification and receive a copy which contains certain admonishments not previously required.

[2]Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  TEX. GOV=T CODE ANN. ' 73.001 (WEST 2005). Cognizant that Rule 41.3 of the Texas Rules of Appellate Procedure requires precedent of the transferor court to be applied, the transferee court is not expected to follow the transferor court's local rules or otherwise supplant its own local procedures with those of the transferor court.  *See* TEX. R. APP. P. 41.3 Notes and Comments.  Consistent with the practice of this Court, we abate in order to vest the trial court with jurisdiction to enter new orders in this cause, if necessary.

It is so ordered.

Per Curiam

Do not publish.